Filed 9/18/20  P. v. Sotohernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072613 |
| v. | (Super.Ct.No. RIF1605472) |
| ANDERSON ALFREDO SOTOHERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted Anderson Alfredo Sotohernandez of numerous sex offenses committed against his minor stepdaughter. Sotohernandez was sentenced to 84 years to life in state prison.

On appeal, he argues that his trial counsel rendered ineffective assistance by not making a sufficient record of mitigating youth-related evidence for Sotohernandez's future youth offender parole hearing under Penal Code section 3051 (unlabeled statutory references are to this code). Sotohernandez maintains that he is entitled to another hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to create such a record. We affirm.

BACKGROUND

A. *The Commitment Offenses*

Sotohernandez was born in May 1991. In 2009, he met his wife, who had a daughter. Sotohernandez's stepdaughter testified that Sotohernandez started sexually abusing her when she was eight or nine years old. The stepdaughter reported that the last incidents of sexual abuse occurred several weeks before her 16th birthday in 2016.

In February 2019, a jury convicted Sotohernandez of four counts of lewd and lascivious conduct with a minor under 14 years old (§ 288, subd. (a)), two counts of oral copulation with a child under 10 years old (§ 288.7, subd. (b)), three counts of forcible oral copulation with a child under 14 years old (former § 288a, subd. (c)(2)(B)),[1] and two

---

[1] Effective January 1, 2019, section 288a was renumbered as section 287. (Stats. 2018, ch. 423, § 49, eff. Jan. 1, 2019.)

counts of forcible oral copulation with a child 14 years old or older (former § 288a, subd. (c)(2)(C)).

B. *Sentencing*

At the sentencing hearing, the trial judge noted that Sotohernandez would be entitled to a youth offender parole hearing in the future because of his age when the offenses were committed. A probation officer interviewed Sotohernandez for sentencing. Sotohernandez indicated that he was born in Guatemala and moved to the United States in 2006, after he completed eighth grade. Sotohernandez's mother had moved to the United States in 1993 or 1994. Sotohernandez moved here to "'get to know [his] mother for the first time'" and "to 'make a better life for [himself].'" Sotohernandez "denied any history of emotional, physical, or sexual abuse" and denied that he suffered any previous criminal convictions. He "admitted to experimenting briefly with amphetamine, cocaine, and marijuana as a juvenile; he also stated he first tried alcohol at the age of 12 and continued drinking as an adult; usually consuming a '12 pack of beer' daily." Before Sotohernandez was incarcerated he did not believe that he was addicted to alcohol, but while incarcerated he came to believe he had been an "'alcoholic'" because of the amount of money he spent on alcohol weekly. Sotohernandez had three biological children with his wife—the first was born when Sotohernandez was 19 years old. He financially supported the family through construction work.

The trial court gave Sotohernandez the opportunity to present evidence at the hearing by allowing people to speak on Sotohernandez's behalf or to submit letters after the hearing. Sotohernandez's brother and wife (who was also the victim's mother) spoke

3

on his behalf. His brother explained that Sotohernandez was a hard worker and a good father. Sotohernandez's wife talked about the impact that growing up without their father would have on her other children. Both questioned the legitimacy and fairness of the convictions and suggested that the jury convicted Sotohernandez solely because the victim cried. Sotohernandez's wife asked the trial judge not to sentence Sotohernandez to prison for the remainder of his life. Counsel did not pose any questions to Sotohernandez's wife or brother. Sotohernandez's counsel implored the judge to impose the lowest terms on the determinate counts because of Sotohernandez's status as "a young offender."

Sotohernandez was sentenced to 84 years to life, consisting of a determinate term of 54 years followed by an indeterminate term of 30 years to life. He received two indeterminate sentences of 15 years to life for the two convictions under section 288.7, subdivision (b). Those offenses were committed sometime between December 2009 and December 2011, when Sotohernandez was between 18 and 20 years old.

## DISCUSSION

### A. *Youth Offender Parole Hearing*

"A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger . . . at the time of [his or her] controlling offense." (§ 3051, subd. (a)(1).) "'Controlling offense' means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subd. (a)(2)(B).) At that hearing, the Board of Parole Hearings "shall give great weight to the diminished culpability of

4

juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c); *People v. Medrano* (2019) 40 Cal.App.5th 961, 966 (*Medrano*).)

Sotohernandez was under 25 years old when the controlling offenses were committed, and he was sentenced to 15 years to life for each of those two offenses. He therefore will be entitled to a youth offender parole hearing during his 20th year of incarceration. (§ 3051, subd. (b)(2).)

"In *Franklin*, *supra*, 63 Cal.4th 261, the Supreme Court held that when a juvenile offender receives an indeterminate life sentence, the offender must be 'given adequate opportunity at sentencing to make a record of mitigating evidence tied to his youth.'" (*Medrano*, *supra*, 40 Cal.App.5th at p. 967, quoting *Franklin*, at p. 269.) There, the defendant was sentenced before the enactment of section 3051, so the case was remanded to the trial court for the limited purpose of determining whether the defendant was "afforded an adequate opportunity to make a record of information" relevant to his eventual youth offender parole hearing. (*Franklin*, at pp. 286-287.) *Franklin* noted that "[a]ssembling such statements 'about the individual before the crime' is typically a task more easily done at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away." (*Id.* at pp. 283-284.)

B. *Alleged Ineffective Assistance of Counsel*

"To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness under

prevailing professional norms, and counsel's deficient performance was prejudicial, that is, there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Sepulveda* (2020) 47 Cal.App.5th 291, 301 (*Sepulveda*); *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.)

"'On direct appeal, if the record "'sheds no light on why counsel acted or failed to act in the manner challenged,'" we must reject the claim "'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.'"'" (*Sepulveda*, *supra*, 47 Cal.App.5th at p. 301; *People v. Anderson* (2001) 25 Cal.4th 543, 569.) "Accordingly, 'except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal.'" (*Sepulveda*, at p. 301.)

Sotohernandez contends that his counsel provided ineffective assistance by failing to "investigat[e] and present[] mitigating evidence based on [Sotohernandez's] age, cognitive ability, and other youth-related factors, including [Sotohernandez's] childhood in war-ravaged Guatemala and the fact that he had been abandoned by his mother at a very young age." The argument fails because the record on appeal does not show that counsel failed to conduct such an investigation. The trial court did not ask counsel if he had conducted any such investigation, and counsel did not volunteer any information at the sentencing hearing about his efforts (or lack thereof) in that regard. The record therefore provides no basis for us to conclude that counsel failed to investigate, let alone that such a failure was objectively unreasonable. (*Sepulveda*, *supra*, 47 Cal.App.5th at p. 302.)

6

Sotohernandez's argument concerning counsel's failure to present additional mitigating evidence—beyond the statements of Sotohernandez's wife and brother and the information in the probation report—fails for similar reasons. "The record on appeal . . . does not explain why counsel chose to proceed in this fashion. 'Under those circumstances, a reviewing court has no basis on which to determine whether counsel had a legitimate reason for making a particular decision, or whether counsel's actions or failure to take certain actions were objectively unreasonable.'" (*Sepulveda*, *supra*, 47 Cal.App.5th at p. 302; *People v. Pope* (1979) 23 Cal.3d 412, 426, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.)

Sotohernandez has not "shown 'affirmative evidence that counsel could have had ''no rational tactical purpose'''" for proceeding as he did at sentencing. (*Sepulveda*, *supra*, 47 Cal.App.5th at p. 302.) It is possible that counsel conducted an adequate investigation and concluded that there was no additional helpful information regarding any youth-related mitigating factors that had not already been presented to the court in the probation officer's report. The report contained some information about Sotohernandez's childhood in Guatemala, including that he had completed school through the eighth grade and that his mother left him as a young child when she moved to the United States. It also detailed his history with drugs and alcohol as both a teenager and an adult. Moreover, given that all of the offenses were committed when Sotohernandez was between 18 and 25 years old, all of the information contained in that report about Sotohernandez's adult life could be considered mitigating information related to his youth. Because the record is consistent with at least one reasonable

7

explanation for counsel's choices concerning the presentation of youth-related mitigating factors at the sentencing hearing, we must reject the ineffective assistance claim on direct appeal. (*Sepulveda*, at pp. 301-302.)

For all of these reasons, we conclude that Sotohernandez's ineffective of assistance claim fails. We also note that if Sotohernandez believes there is additional mitigating youth-related evidence that should be included in the trial court record, then after his judgment is final he may "file a motion under section 1203.01 (and the trial court's powers under Code Civ. Proc., § 187) for the purpose of making a record of" such evidence. (*Medrano*, *supra*, 40 Cal.App.5th at p. 968; *In re Cook* (2019) 7 Cal.5th 439, 460.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____
                                                                                        J.


We concur:

CODRINGTON_____
                    Acting P. J.
RAPHAEL_____
                                        J.